Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CAGUAS<br><br>Apelante<br><br>v.<br><br>EDWIN PÉREZ APONTE y otros<br><br>Apelados | KLAN202200930 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2022CV02388 (801)<br><br>Sobre: Expropiación forzosa |

Panel integrado por su presidenta, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2023.

Comparece ante nos el Municipio Autónomo de Caguas ("Apelante" o "Municipio de Caguas") mediante *Apelación* presentada el 22 de noviembre de 2022. Nos solicita que revoquemos la *Sentencia* emitida y notificada el 12 de octubre de 2022, por el Tribual de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro *a quo* desestimó la *Petición* sobre expropiación forzosa instada por el Municipio de Caguas por incumplimiento con los requisitos dispuestos en la *Ley General de Expropiación Forzosa*, Ley de 12 de marzo de 1903, según enmendada, 32 LPRA sec. 2901 *et seq.*, y el *Código Municipal de Puerto Rico*, Ley Núm. 107 de 14 de agosto de 2020, según enmendada, 21 LPRA sec. 7001 *et seq.* ("Código Municipal").

Por los fundamentos expuestos a continuación, **REVOCAMOS** la *Sentencia* apelada.

Número Identificador

SEN2023_____

**I.**

Los hechos que originan el presente caso surgen cuando el 26 de septiembre de 2015, la Oficina de Permisos del Municipio de Caguas emitió una *Resolución* en la que declaró **estorbo público** una propiedad ubicada en la Urbanización Villas del Rey IV de dicho municipio.[1]

Posteriormente, el 16 de julio de 2022, el Municipio de Caguas presentó una *Petición*[2] sobre expropiación forzosa en contra de los presuntos dueños de la propiedad ubicada en la Urbanización Villa del Rey IV,[3] el señor Edwin Pérez Aponte, el señor Miguel Pérez Aponte, el señor Miguel Pérez Santiago, el señor Rafael Pérez Aponte, la señora Adela Claudio Aldoy (en conjunto, "Apelados"). Además, notificó de la presentación de la demanda al Centro de Recaudación de Ingresos Municipales ("CRIM"). En esencia, el Municipio de Caguas instó su petición al amparo de las disposiciones de la Sección 5 (a) de la Ley General de Expropiación Forzosa, Ley de 12 de marzo de 1903, según enmendada, 32 LPRA sec. 2907; el Código Municipal, *supra*, y la Ordenanza Municipal Número 20 del Año Fiscal 2018-2019.

En síntesis, el Municipio de Caguas alegó que la propiedad llevaba mucho tiempo abandonada, y esto ocasionaba riesgos para la salud, seguridad y ornato de los vecinos, transeúntes y comunidad en general. Por lo anterior, solicitó que se declarare *Ha Lugar* la *Petición* de expropiación forzosa incoada, se ordenara la declaración para la adquisición y entrega material de la propiedad; que se le otorgara la titularidad en pleno dominio sobre la propiedad;

---

[1] Véase Anejo 3 del Recurso de Apelación, págs. 61-62.
[2] Véase Anejo 2 del Recurso de Apelación, págs. 5-8.
[3] **Descripción de la Propiedad:** URBANIZACIÓN Villa Del Rey IV SEC I (Calle 6 4L-29) de Caguas. Solar: 29 MANZANA 4-L. Cabida: 304.52 Metros Cuadrados. Linderos: Norte, con el solar 28, distancia de 23.00 metros. Sur, con el solar 30, distancia de 23.00 metros. Este, con la calle, distancia de 13.24 metros. Oeste, con los solares 1 y 2, distancia de 13.24 metros. BARRIO CAÑABONCITO. Enclava una vivienda de concreto para una sola familia. Es segregación de la finca 13101, al Folio 11 del Tomo 441 de Caguas. Número de Catastro: 225-012-488-29-001.

se dictara sentencia a su favor por la cantidad de la deficiencia entre la suma fijada y ofrecida por el Municipio de Caguas, y la cantidad que a tal efecto determinara el tribunal como justa compensación por la propiedad; se ordenara al Registrador de la Propiedad a que inscriba la propiedad a favor del Apelante libre de todo gravamen o carga; y se ordenara al CRIM a eliminar la deuda contributiva en el catastro número 251-012-488-29-001.[4]

Así las cosas, el 22 de julio de 2022, el foro primario emitió y notificó *Resolución* mediante la cual concedió al Apelante un término de diez (10) días para presentar la declaración para la adquisición y entrega material de propiedad, el informe del tasador revisor y copia de la ordenanza para la declaración de utilidad pública conforme a lo dispuesto en el Código Municipal, *supra*.[5]

Luego de varios incidentes procesales, el 25 de agosto de 2022, el Apelante presentó documento intitulado *Declaración para la Adquisición y Entrega Material de la Propiedad.* Por virtud de este, alegó que el fin de la expropiación forzosa era la adquisición de una propiedad por necesidad y utilidad pública, para la realización de otros programas en beneficio del pueblo. Además, adujo que conforme a la sección 5(a) de la Ley General de Expropiación Forzosa, no se requiere el depósito de suma alguna en el Tribunal como justa compensación por la propiedad. También, arguyó que el Municipio de Caguas tiene necesidad y urgencia de obtener el dominio de la propiedad objeto de expropiación con el fin de habilitarla para fines de necesidad y utilidad pública. Por último, esbozó que la adquisición del derecho en pleno dominio sobre la

---

[4] El Municipio de Caguas acompañó su *Petición* con un *Informe de Tasación* realizado el 14 de julio de 2022 por la tasadora Natalia G. Rivera Ortiz, licencia 1347-EPA que el valor estimado en el mercado de la propiedad asciende a veinte mil dólares ($20,000). Véase Apéndice del Recurso de Apelación, págs. 14-60.
[5] Véase Anejo 4 del Recurso de Apelación, pág. 64.

propiedad objeto de expropiación no requiere la aprobación de la Junta de Planificación de Puerto Rico.[6]

Luego de analizados los planteamientos presentados, el Municipio de Caguas, el 22 de septiembre de 2022, notificada al día siguiente, el foro primario emitió *Sentencia,* en la cual determinó lo siguiente:

> El 22 de julio de 2022, emitimos orden concediendo 10 días a la parte demandante para someter la declaración de adquisición y entrega material de propiedad, el informe del tasador revisor y copia de la ordenanza para declaración de utilidad pública en torno a la petición de expropiación del caso de marras. Los documentos requeridos deben formar parte del legajo de la petición de expropiación al momento de radicarse la misma.
>
> A solicitud de la parte demandante extendimos por 30 días adicionales el término para presentar los documentos. A esta fecha, el plazo originalmente otorgado, así como su extensión, vencieron sin que la parte demandante los haya producido. En consecuencia, se desestima sin perjuicio la demanda.[7]

Posteriormente, el 12 de octubre de 2022, emitió y notificó una segunda *Sentencia,* en la cual determinó lo siguiente:

> Mediante orden fechada 22 julio de 2022, se le requirió a la parte demandante cumplir con someter la declaración para la adquisición y entrega material de la propiedad objeto de la petición de expropiación forzosa en este caso, el informe del tasador revisor certificando como correcta la tasación inicial realizada por el Municipio de Caguas, y copia de la ordenanza municipal para declaración de utilidad, Para ello, se le concedió 10 días. Vencido el término inicial, sin que se haya sometido los documentos requeridos, se desestima sin perjuicio la demanda.[8]

Inconforme, el 22 de noviembre de 2022, el Apelante acudió ante esta Curia y esbozó el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR AL MUNICIPIO AUTÓNOMO DE CAGUAS A PRESENTAR UNA ORDENANZA MUNICIPAL QUE DECLARE LA UTILIDAD PÚBLICA DEL BIEN INMUEBLE OBJETO DEL PROCESO DE EXPROPIACIÓN FORZOSA Y UN INFORME DE UN TASADOR REVISOR CUANDO DICHAS EXIGENCIAS NO APLICAN A PROCESOS DE EXPROPIACIÓN DE BIENES DECLARADAS ESTORBOS PÚBLICOS DE

---

[6] Véase Anejo 7 del Recurso de Apelación, págs. 68-69.
[7] Véase Anejo 1(a) del Recurso de Apelación, págs. 1-2.
[8] Véase Anejo 1(b) del Recurso de Apelación, págs. 3-4.

CONFORMIDAD CON LOS ARTÍCULOS 4.010. 4.011 Y 4.012 DEL CÓDIGO MUNICIPAL.[9]

Por su parte, el 3 de enero de 2023, el CRIM presentó *Alegato en Oposición.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica a aplicable al caso ante nuestra consideración.

## II.

### A. *Expropiación Forzosa y Justa Compensación*

Nuestra Constitución reconoce el derecho al disfrute de la propiedad como un derecho fundamental. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1. "El derecho al disfrute de la propiedad . . . está supeditado al poder inherente del Estado para establecer restricciones sobre las propiedades privadas en favor del bienestar común". *ELA v. El Ojo de Agua Develeopment,* 205 DPR 502, 518 (2020). Por consiguiente, el Estado no puede tomar la propiedad privada para uso público a no ser a cambio de justa compensación y conforme a la ley. Art. II, Sec. 9, Const. ELA, LPRA, Tomo 1. No obstante, como soberano, el Estado puede "adquirir el dominio de una propiedad sita dentro de sus límites territoriales. . . para fines públicos" mediante la expropiación forzosa. *ELA v. El Ojo de Agua Development, supra. Véase, también, Adm. Terrenos v. Ponce Bayland,* 207 DPR 586 (2021).

> Por otra parte, en el ejercicio del poder de dominio eminente del Estado, existen casos excepcionales en los que el Estado puede ocupar o incautar un derecho real sin haber iniciado el procedimiento judicial de expropiación forzosa y sin haber consignado el pago de la justa compensación. *Amador Roberts et als. v. ELA,* 191 DPR 268, 279 (2014). (Cita omitida).

Para ello existe la acción de expropiación a la inversa, mediante la cual "se garantiza el cumplimiento del Estado con las disposiciones constitucionales que establecen que nadie será

---

[9] Véase Recurso de Apelación, págs. 1-24.

privado de su propiedad sin un debido proceso de ley y sin haber mediado compensación". *Íd.* (Cita y escolio omitidos). *A esos fines, el término incautación se refiere a las instancias cuando "el gobierno se apodera de la propiedad privada para uso público y la ocupa físicamente"*. R. Serrano Geyls, *Derecho Constitucional de Estados Unidos y Puerto Rico,* Programa de Educación Jurídica Continua de Universidad Interamericana de Puerto Rico, 1988, reimpreso 2013, Vol. II, pág. 870 (Énfasis suplido). También se ha definido como "cualquier privación o interferencia sustancial en el dominio o el disfrute de una cosa" o "[c]ualquier interferencia sustancial con la propiedad que destruya o disminuya su valor, o por la cual el derecho del dueño a usarla o disfrutarla sea sustancialmente menoscabado o destruido". *Íd.*, pág. 887.

### B. Ley General de Expropiación Forzosa y Código Municipal de Puerto Rico

La Sección 5 (a) de la *Ley General de Expropiación Forzosa,* Ley de 12 de marzo de 1903, según enmendada, 32 LPRA sec. 2907 ("Ley de General de Expropiación Forzosa"), reconoce expresamente la facultad que ostentan los municipios para instar procesos de expropiación forzosa. De igual forma, el *Código Municipal de Puerto Rico,* Ley Núm. 107 de 14 de agosto de 2020, según enmendada, 21 LPRA sec. 7001 *et seq.,* ("Código Municipal"), establece que los municipios podrán instar procesos de expropiación forzosa dentro de sus límites territoriales.

En específico, el Artículo 2.018 inciso (a) (2) (v) y (vi) del Código Municipal, *supra,* establece que los municipios pueden ocupar, demoler o causar perjuicios a la propiedad privada, para ser utilizada para los siguientes fines:

> […]
> (v) cuando sea favorable al interés público, que las estructuras abandonadas o solares abandonados, yermos o baldíos en las comunidades, que estén en estado de abandono, constituyendo o no estorbos

públicos, sean objeto de expropiación por el municipio donde ubiquen, con el propósito de transferir su titularidad a personas, corporaciones con o sin fines de lucro, desarrolladores, contratistas y cualesquiera otros que tengan un legítimo interés en mantener esas propiedades en condiciones.

(vi) **Cualquier otro propósito de utilidad que sea declarado así por la Legislatura Municipal conforme a las facultades otorgadas a los municipios por este Código y en cumplimiento con la Ley de 12 de marzo de 1903, según enmendada.** (Énfasis nuestro) 21 LPRA sec. 7183.

Sobre el particular, el Artículo 2.018 inciso (a) establece los municipios podrán instar procesos de expropiación forzosa por cuenta propia bajo lo siguiente:

[…]

(1) Privación de Propiedad: […].

(2) Ocupación de propiedad privada: […].

(3) Acceso a la Propiedad: […].

(4) Declaración de Utilidad Pública: El Alcalde solicitará a la Legislatura Municipal la aprobación de una ordenanza para que declare la utilidad pública de cualesquiera propiedades, intereses o derechos que deseen ser adquiridas, por éstas ser útiles, necesarias y convenientes a los fines municipales. Disponiéndose, que el uso para el cual se destina la propiedad a adquirirse mediante la expropiación, la naturaleza o extensión del derecho a adquirirse, la cantidad de terreno a expropiarse, y la necesidad o lo adecuado del sitio en particular que se expropia, no podrá ser objeto de revisión por los tribunales. Sin embargo, una vez el titular de dominio es debidamente notificado del procedimiento de expropiación en su contra, este tendrá la oportunidad de presentar una contestación ante el Tribunal y levantar las defensas y objeciones que tenga sobre el carácter público del uso.

La ordenanza antes mencionada deberá identificar la propiedad, interés o derecho a expropiarse, el fin público al que será destinado, los fondos disponibles y reservados para cubrir la totalidad de la justa compensación que en su día pudiese ser determinada por un Tribunal, así como la cantidad correspondiente a la justa compensación según el informe de valoración de la propiedad.

[…]

(5) Adquisición de Bienes Inmuebles: […].

(6) Plano de Mensura: […].

(7) Informe de Valoración: Los municipios contratarán los servicios de evaluadores profesionales de bienes raíces, debidamente autorizados a ejercer dicha profesión, a los fines de establecer el valor actual de

la propiedad a adquirirse. Los informes de valoración contendrán la siguiente información:

(i) justo valor en el mercado de la propiedad,

(ii) una descripción de la propiedad,

(iii) identificación de las estructuras ubicadas en el inmueble,

(iv) la fecha de preparación del informe,

(v) descripción de las ventas comparables,

(vi) la firma del tasador; y

(vii) cualquier otra información pertinente y necesaria para la mejor presentación del justo valor en el mercado.

Cada informe de valoración deberá ser sometido a un Tasador Revisor, distinto de quien lo preparó, para su evaluación. El informe de valoración a presentarse ante el Tribunal deberá ser aprobado mediante certificación de aprobación del Tasador Revisor. De no contar con un Tasador Revisor, los municipios deberán remitir el informe de valoración al Centro de Recaudación de Ingresos Municipales para su revisión y aprobación o rechazo. [...]

(8) Personas con Interés: [...].

(9) Petición de Expropiación: [...].

(10) Investidura de Título y Posesión Material: [...].

(11) Justa Compensación (Valor Razonable en el Mercado): [...]. 21 LPRA sec. 7183.

Por otro lado, el Código Municipal, *supra,* contiene disposiciones especiales para los casos de expropiaciones de propiedades inmuebles declaradas estorbos públicos y su eventual transferencia a una tercera persona. A esos fines, el Artículo 4.007 del Código Municipal, *supra,* establece como política pública "[r]estaurar y ocupar las estructuras, que por sus condiciones, constituyen una amenaza a la salud, la seguridad y bienestar de los residentes de las comunidades donde están situadas; y [f]ortalecer la seguridad en esas comunidades y propiciar la mejor calidad de vida de los residentes. 21 LPRA sec. 7631 (c) y (d).

De conformidad con la política pública antes reseñada, el Artículo 4.010 del Código Municipal, *supra,* establece que los efectos de declarar una propiedad como estorbo público son los siguientes:

(a) El municipio podrá disponer la rotulación del inmueble como estorbo público.

(b) **El municipio podrá realizar la <u>tasación de la propiedad,</u> a través de un tasador con licencia para ejercer en Puerto Rico, o solicitar la misma al CRIM para determinar su valor en el mercado**.

(c) El municipio podrá solicitar al Centro de Recaudación de Ingresos Municipales la certificación de deuda de contribución sobre la propiedad.

(d) **El <u>municipio podrá expropiar el inmueble por motivo de utilidad pública.</u>** Disponiéndose que cuando el inmueble objeto de expropiación tenga deudas, intereses, recargos o penalidades con el Centro de Recaudación de Ingresos Municipales sobre la contribución a la propiedad se le restará la cantidad adeudada al valor de tasación al momento de calcular la justa compensación. **Una vez se le transfiera la titularidad al municipio, toda deuda, intereses, recargo o penalidades con el Centro de Recaudación de Ingresos Municipales será cancelada en su totalidad**. 21 LPRA sec. 7634. (Énfasis y subrayado nuestro).

Cónsono con lo antes expuesto, el Artículo 4.011 del Código Municipal, *supra*, dispone lo siguiente:

Cuando el municipio no fuere a expropiar inmuebles declarados como estorbo público, por motivos de utilidad pública, procederá a preparar un Inventario de Propiedades Declaradas como Estorbo Público, que incluirá la siguiente información:

(a) Localización física de la propiedad.

(b) Descripción registral, de estar inscrita en el Registro de la Propiedad; con una relación de las hipotecas y otros gravámenes sobre el inmueble, incluyendo deuda de contribución sobre la propiedad inmueble, con el Centro de Recaudación de Ingresos Municipales (CRIM), sobre la propiedad objeto del procedimiento.

(c) Número de Catastro.

(d) Nombre del propietario, poseedor o persona con interés en la propiedad. (e) Valor en el mercado según tasación. El municipio mantendrá el Inventario con información actualizada, la cual estará disponible al público. 21 LPRA sec. 7635.

En cuanto a los bienes declarados como estorbo público que sean adquiridos por el Municipio para transferirle a terceros, el Artículo 4.012 del Código Municipal, *supra,* dispone lo siguiente:

Las propiedades incluidas en el Inventario de Propiedades Declaradas como Estorbo Publico podrán ser objeto de expropiación por el municipio para su posterior transferencia a toda persona que esté en disposición de adquirirla para su reconstrucción y

restauración o para hacer una nueva edificación. Para ello, el municipio tendrá que adquirir la propiedad, ya sea por compraventa o bien, sujetándose al procedimiento de expropiación forzosa mediante el cual viene obligado a pagar al titular el justo valor de la propiedad. 21 LPRA sec. 7636.

**III.**

En el presente caso, nos corresponde resolver únicamente si erró el foro primario al ordenar al Municipio de Caguas a presentar una ordenanza municipal que declare la utilidad pública del bien inmueble objeto del proceso de expropiación forzosa y el informe de un tasador revisor.

El Municipio de Caguas alega que, cuando un bien objeto de una expropiación ha sido previamente declarado estorbo público, no aplican los requisitos del Art. 2.018 del Código Municipal, *supra,* sino los Artículos 4.010. 4.011 y 4.012 del mismo Código, los cuales establecen los requisitos de expropiación para bienes declarados como estorbo público. Por consiguiente, el Municipio de Caguas arguye que no tiene que presentar una ordenanza municipal que declare la utilidad pública del bien inmueble ni un informe de un tasador revisor.

Por su parte, el CRIM arguye que es necesario una ordenanza municipal específica sobre el fin público deseado. Además, aduce que el Municipio de Caguas debe cumplir con el requisito de revisar la tasación efectuada por un evaluador distinto del informe inicial, es decir, un tasador revisador. Por último, esboza que, conforme a derecho, de existir una deuda contributiva sobre la propiedad inmueble, el CRIM está obligado a recaudarla previo a la entrega del bien expropiado, y no procede que el Municipio de Caguas descuente previamente las contribuciones adeudadas sobre la propiedad declarada estorbo público.

Según expusimos, el Artículo 2.018 inciso (a) (2) (v) y (vi) del Código Municipal, *supra,* faculta a los municipios para ocupar,

demoler o causar perjuicios a la propiedad privada, ya sea o no declarada estorbo público, para ser utilizada para fines públicos mediante el procedimiento de expropiación, "con el propósito de transferir su titularidad a personas, corporaciones con o sin fines de lucro, desarrolladores, contratistas y cualesquiera otros que tengan un legítimo interés en mantener esas propiedades en condiciones". 21 LPRA sec. 7183. En un proceso donde el bien no ha sido declarado estorbo público, se podrá requerir, entre otros documentos, una declaración de utilidad pública y un informe de valoración que deberá ser revisado por un Tasador Revisor. 21 LPRA sec. 7183 (a) (4) y (7).

No obstante, en el caso particular de que los **bienes hayan sido declarados estorbos públicos previo a la presentación de la petición de expropiación forzosa,** será de aplicación lo dispuesto en el Artículo 4.010 del Código Municipal, *supra,* el cual dispone lo siguiente:

(a) El municipio podrá disponer la rotulación del inmueble como estorbo público.

(b) **El municipio podrá realizar la tasación de la propiedad, a través de un tasador con licencia para ejercer en Puerto Rico, o solicitar la misma al CRIM para determinar su valor en el mercado**.

(c) El municipio podrá solicitar al Centro de Recaudación de Ingresos Municipales la certificación de deuda de contribución sobre la propiedad.

(d) <u>**El municipio podrá expropiar el inmueble por motivo de utilidad pública.**</u> Disponiéndose que cuando el inmueble objeto de expropiación tenga deudas, intereses, recargos o penalidades con el Centro de Recaudación de Ingresos Municipales sobre la contribución a la propiedad se le restará la cantidad adeudada al valor de tasación al momento de calcular la justa compensación. Una vez se le transfiera la titularidad al municipio, toda deuda, intereses, recargo o penalidades con el Centro de Recaudación de Ingresos Municipales será cancelada en su totalidad. 21 LPRA sec. 7636. (Énfasis y subrayado nuestro).

Como vemos, el artículo antes reseñado no requiere a los municipios que presente una ordenanza que declare que el bien objeto de la expropiación sea declarado de utilidad pública. Tampoco

surge que se requiera la presentación de un informe de un tasador revisor. En el caso de autos, el 29 de septiembre de 2015, la propiedad inmueble objeto de controversia fue declarada estorbo público por virtud de la *Resolución* emitida por la directora de la Oficina de Permisos del Municipio de Caguas, la señora Milagros Calixto Vega. Posterior a la aludida declaración de estorbo público, el Municipio presentó *Petición* sobre expropiación forzosa.

A la luz de los fundamentos esbozados, cuando el Municipio presenta una petición de expropiación forzosa, debe cumplir con los requisitos del Artículo 2.018 según lo exige el Código Municipal de Puerto Rico. No obstante, cuando la propiedad inmueble objeto del proceso de expropiación forzosa ha sido declarada estorbo público previamente, los Artículos aplicables son 4.010, 4.011 y 4.012 del Código Municipal, *supra.* Es decir, una vez declarada la propiedad como estorbo público, los Artículos que rigen el procedimiento de expropiación forzosa aplicable a los Municipios son los Artículos 4.010, 4.011 y 4.012 del Código Municipal, *supra.* Surge del expediente, que la propiedad objeto de la controversia fue declarada previamente estorbo público.[10]

Cónsono con lo anterior, colegimos que, de conformidad con la Ley General de Expropiación Forzosa, *supra,* y el Código Municipal, *supra,* el Municipio de Caguas no tenía que presentar los documentos solicitados por el foro primario. El inciso (b) del Artículo 4.010 del Código Municipal, *supra,* exige a los municipios realizar una tasación de la propiedad, a través de un tasador con licencia en Puerto Rico. En cumplimiento con su obligación, el Municipio de Caguas realizó una tasación de la propiedad inmueble el 14 de julio de 2022 por un tasador con licencia en Puerto Rico, la señora Natalia G. Rivera Ortiz. Ante este escenario, el Código Municipal, *supra,*

---

[10] Véase Apéndice 3 del recurso.

provee para que un municipio expropie un bien declarado estorbo público y esa prerrogativa no supone la emisión de una ordenanza municipal que establezca el interés del municipio en expropiar, o la utilidad o fin público que la expropiación adelanta, o que se especifiquen los fondos con los que habrá de pagarse la justa compensación.

A esos efectos, no le asiste razón al foro primario al ordenar la presentación de una ordenanza municipal que declare la utilidad pública del bien inmueble objeto del proceso de expropiación forzosa, y solicitar el informe de un tasador revisor. En consecuencia, concluimos que no procede la desestimación de la Petición de expropiación forzosa presentada por el Municipio de Caguas.

## IV.

Por los fundamentos antes expuestos, **REVOCAMOS** la *Sentencia* apelada y devolvemos el caso al Tribunal de Primera Instancia, para la continuación de los procedimientos acorde con lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones